IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON V. SANTIBANEZ, | |
| Petitioner, | No. CIV S-06-0766 LKK DAD P |
| vs. | |
| JEANNE WOODFORD, et al., | ORDER AND |
| Respondents. | FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a motion for appointment of counsel and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The judgment of conviction under attack was entered in Yuba County Superior Court in 1994. Petitioner alleges four grounds for relief: (1) both his trial and appellate counsel provided ineffective assistance by failing to object to Brady and Miranda violations, failing to allege trial judge bias, failing to present compelling evidence, and failing to object to an illegal sentence; (2) petitioner's Miranda rights were violated; (3) the trial court failed to make a complete record for appeal and failed to provide a fair and impartial trial; and (4) the prosecutor, defense counsel, and the trial judge joined in suppressing evidence with regard to a deal that was made in exchange for witness testimony.

1

The court's records reveal that petitioner previously filed a petition for writ of habeas corpus attacking his 1994 Yuba County conviction. The petition was filed on February 14, 2000, and raised the following claims: (1) the trial court erred in proceeding with trial while petitioner was under the influence of prescription medication; (2) defense counsel was ineffective in failing to make objections during the prosecutor's direct examination of a witness; (3) the trial court erred in failing to find jury misconduct and in failing to investigate or hold a hearing on the validity of the jury verdict; and (4) defense counsel violated the professional rules of conduct. The petition was denied on the merits on June 9, 2004.[1]

Although there appears to be some overlap between the claims presented in the first and second petitions, at least some of the claims in the second petition do not appear to have been presented in the first petition. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). On the other hand,

> [a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Before a second or successive application permitted by statute can be filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

---

[1] Petitioner requested and was granted an extension of time to file a notice of appeal but did not file a notice of appeal.

1         The petitioner in this case cannot proceed on any claims that were presented in his
2    first petition, and he cannot proceed in this court with a second or successive petition raising
3    claims that were not presented in his first petition unless he obtains an order from the United
4    States Court of Appeals for the Ninth Circuit authorizing this court to consider such a petition.
5    Petitioner's unauthorized second or successive petition should be dismissed without prejudice to
6    its refiling with a copy of an order of the United States Court of Appeals for the Ninth Circuit
7    authorizing him to file a second or successive petition.
8         Accordingly, IT IS HEREBY ORDERED that:
9         1. Petitioner's April 10, 2006 motion for appointment of counsel is denied;
10        2. Petitioner's April 10, 2006 application to proceed in forma pauperis is denied;
11        3. The Clerk of the Court is directed to serve a copy of this order upon Jo Graves,
12   Senior Assistant Attorney General; and
13        IT IS RECOMMENDED that this action be dismissed without prejudice.
14        These findings and recommendations will be submitted to the United States
15   District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
16   twenty days after being served with these findings and recommendations, petitioner may file
17   written objections with the court.  A document containing objections should be titled "Objections
18   to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file
19   objections within the specified time may, under certain circumstances, waive the right to appeal
20   the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
21   DATED: April 20, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

25   DAD:13
     sant0766.suc